STEPHANIE D. AHMAD (SBN 284080)
ahmads@gtlaw.com
GREENBERG TRAURIG LLP
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111-1809
Telephone:    (415) 655-1300
Facsimile:    (415) 707-2010

TODD D. WOZNIAK (*Pro Hac Vice* Pending)
wozniakt@gtlaw.com
GREENBERG TRAURIG LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA  30305
Telephone:   (678) 553-2100
Facsimile:   (678) 553-2212

Attorneys for Defendant Intuit, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| MARGARET TRETOLA, as successor in interest of Michael J. Tretola, deceased,<br><br>              Plaintiff,<br><br>       v.<br><br>INTUIT INC., a California corporation, and DOES 1-10<br><br>              Defendant. | Case No. 3:14-cv-04734<br><br>**DEFENDANT INTUIT INC.'S ANSWER TO PLAINTIFF TRETOLA'S COMPLAINT** |
|---|---|

1    Defendant Intuit, Inc. ("Intuit") answers Plaintiff Margaret Tretola's ("Plaintiff's")
2    Complaint as follows. Anything not expressly admitted is denied.
3        1.   Intuit lacks knowledge or information sufficient to form a belief to admit or deny
4    the allegations in paragraph 1, and on that basis denies those allegations.
5        2.   Denied. The pleading, including attachments and exhibits, consists of more than
6    three pages.
7        3.   Intuit lacks knowledge or information sufficient to form a belief to admit or deny
8    the allegations in paragraph 3, and on that basis denies those allegations.
9        4.   Intuit admits that it is a corporation. Intuit lacks knowledge or information
10   sufficient to form a belief to admit or deny the remainder of the allegations in paragraph 4, and
11   on that basis denies those allegations.
12       5.   Plaintiff does not indicate that it is required to comply with a claims statute.
13       6.   Denied.
14       7.   Denied.
15       8.   Insofar as Plaintiff alleges that Intuit is liable for breach of contract, Intuit denies
16   this allegation.
17       9.   Plaintiff does not list other allegations.
18       10.  Plaintiff's Prayer for Relief sets forth the statement of relief requested by Plaintiff,
19   to which no response is required. Intuit denies that Plaintiff is entitled to any of the requested
20   relief, or any relief at all, from Intuit and denies any factual allegations contained in the Prayer
21   for Relief
22       11.  Plaintiff does not list any paragraphs in this pleading as asserted on information and
23   belief and this paragraph is therefore denied.

### CAUSE OF ACTION – BREACH OF CONTRACT

25       BC-1.    Denied. Exhibit A is an offer letter to Michael J. Tretola from Intuit for
26   terminable at will employment.
27       BC-2.    Denied.
28       BC-3.    Denied.

BC-4. Denied.

BC-5. Denied.

BC-6. Plaintiff does not indicate anything in the "other" section and this paragraph is therefore denied.

## DEFENSES

Intuit asserts the following defenses. To the extent any of these defenses, in whole or in part, serve merely to negate an element of the Plaintiff's cause of action, Intuit in no way seeks to relieve Plaintiff of her burden of proof or persuasion on that element. Intuit hereby reserves the right to assert additional defenses not asserted herein, as investigation and discovery may reveal the existence of additional defenses not currently known to it.

(a) Plaintiff's claims are preempted, in whole or in part, by ERISA.

(b) Plaintiff's claims must be dismissed because Plaintiff has failed to exhaust administrative processes and remedies available under Intuit's ERISA governed plans.

(c) Plaintiff's claim may, in whole or in part, be barred by applicable limitations periods.

(d) Plaintiff's Complaint fails to state a claim against Intuit on which relief can be granted.

## PRAYER FOR RELIEF

WHEREFORE, Intuit prays for judgment as follows:

(a) That the Court find that Plaintiff's breach of contract claim is preempted under ERISA (the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*);

(b) That the Court dismiss Plaintiff's Complaint for failure to exhaust administrative processes and remedies under Intuit's ERISA governed plans;

(c) That the Court enter a judgment declaring that Intuit is not liable under ERISA;

(d) That the Court award Intuit reasonable attorneys' fees under 29 U.S.C. § 1132(g)(1);

(e) That the Court award Intuit all costs and expenses it incurs in this action;

(f) That the Court award Intuit such other and further relief that it deems just and proper.

Dated: October 24, 2014

GREENBERG TRAURIG, LLP

By: /s/ *Stephanie D. Ahmad*
      Stephanie D. Ahmad
      Attorneys for Defendant Intuit, Inc.